IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HEATH HAGOOD                                                                                      PLAINTIFF

vs.                                              Civil No. 4:20-cv-04086

COMMISSIONER, SOCIAL                                                                  DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Heath Hagood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1.   Background:

Plaintiff protectively filed his disability application on April 13, 2019. (Tr. 12). In his application, Plaintiff alleges being disabled due to gout, psoriasis, arthritis, kidney stones, and depression. (Tr. 172). Plaintiff originally alleged an onset date of October 1, 2014, but Plaintiff later amended that onset date to September 1, 2017. (Tr. 12). This application was denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

and again upon reconsideration. (Tr. 73-109). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 44-72).

On June 17, 2020, the ALJ held an administrative hearing. (Tr. 44-72). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Charles Poor testified at this administrative hearing. *Id.* During this hearing, Plaintiff testified he was twenty-eight (28) years old, which is defined as a "younger individual," on the date of the hearing in this matter. *See* 20 C.F.R. § 404.1563(c) (2008). (Tr. 52). Plaintiff also testified he had a high school education. *Id.*

On June 24, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 9-28). The ALJ determined Plaintiff last met the insured status requirements of the Act on June 30, 2021. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1, 2017, his amended alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, psoriasis, gout/arthritis, and depression. (Tr. 14-15, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-17, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17-22, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less sedentary work as

>   defined in 20 CFR 404.1567(a).  Specifically, the claimant is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk for two hours in an eight-hour workday; however, the claimant must be allowed to use a cane at the work site for ambulation.  The claimant cannot climb ladders, ropes, or scaffolds.  The claimant can occasionally climb ramps and stairs.  The claimant can occasionally balance, stoop, kneel, crouch, and crawl.  The claimant must avoid more than occasional exposure to hazards such as unprotected heights and dangerous moving machinery.  The claimant is limited to simple and routine tasks.  The claimant can maintain concentration for two-hour periods, and the claimant can tolerate occasional interaction with the public, co-workers, and supervisors.  The claimant can adapt to changes in a routine work setting.

*Id.*

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW").  (Tr. 22, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 23, Finding 10).  In making this determination, the ALJ relied upon the testimony of the VE.  *Id.*  Specifically, the VE testified Plaintiff retained the capacity to perform work as a surveillance systems monitor with approximately 90,400 such jobs in the national economy and as a call out operator with approximately 23,200 such jobs in the national economy.  (Tr. 23).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time from September 1, 2017 (amended alleged onset date) through June 29, 2020 (ALJ's decision date).  (Tr. 23, Finding 11).

Plaintiff requested the Appeal's Council's review of this unfavorable decision.  (Tr. 1-6).  The Appeals Council denied this request on August 21, 2020.  *Id.*  Thereafter, on September 28, 2020, Plaintiff appealed his administrative case to the Court.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on September 28, 2020.  ECF No. 5.  Both Parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 17, 19.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

With his appeal brief, Plaintiff raises one argument for reversal. ECF No. 17 at 1-16. Specifically, Plaintiff claims the following: the ALJ erred in discrediting his subjective complaints related to his rheumatoid arthritis, psoriatic arthritis, and gout attacks with frequent flare-ups. *Id.* In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints related to gout and arthritis. ECF No. 19 at 9-14. The Court will address this argument for reversal.[2]

---

[2] Plaintiff also alleges the ALJ improperly found his rheumatoid arthritis ("RA") was non-severe. ECF No. 17 at 4. In his decision, however, the ALJ did find Plaintiff suffered from the severe impairment of "gout/*arthritis*." (Tr. 14, Finding 3) (emphasis added). Thus, the Court finds no basis for reversal on this issue.

5

As for Plaintiff's subjective complaints regarding rheumatoid arthritis, psoriatic arthritis, and gout attacks, the ALJ fully considered these complaints and discounted them for the following reasons:

> Despite the claimant's testimony regarding the frequency of gout/arthritis "flares," *the record did not document such flares*.  In addition, the claimant testified that even outside of flares he continued to have limiting pain.  Yet, treatment records reflect that at times when the claimant was not having a flare up, he denied joint pain, and physical examinations showed normal mobility.  (Exhibit 5F).  *In addition, there was notation of joint swelling and warmth in September 2018, when the first established primary care, but no follow up until March 2019.*  (Exhibit 2F/1).  *This indicated the conservative treatment of the gout flare was successful.*  Subsequent treatment records similarly failed to document the frequency of flares of the length of flares alleged by the claimant.  In addition, the physical examination failed to support the alleged limiting restrictions in standing, walking, or sitting.

(Tr. 19) (emphasis added).

Plaintiff argues the ALJ improperly criticized the "gaps in his medical treatment" and discounted his subjective complaints because of those gaps.  ECF No. 17 at 14.  Plaintiff argues there are only gaps because he is "on Medicaid and he is limited in his visits and prescriptions." ECF No. 17 at 13.  In making this argument, however, Plaintiff has not specifically demonstrated he attempted or was unable to obtain free or low-cost medical treatment for his gout and rheumatoid arthritis.  *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999) (holding that absent evidence claimant was denied low-cost or free medical care, claimant's argument that he could not afford medical care was appropriately discounted).  Thus, the Court cannot find the ALJ erred in discounting Plaintiff's subjective complaints partly due to the fact there are "gaps in his medical treatment."

As a final point, Plaintiff also argues the ALJ's RFC determination is not supported by substantial evidence because the record is "under-developed" as to his "absenteeism during these

6

[gout] attacks." ECF No. 17 at 9-10. Despite this claim, Plaintiff is only entitled to have his case reversed and remanded for further development of the record if there has been a demonstration of unfairness or prejudice. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding that "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no such demonstration. Accordingly, the Court will not reverse and remand this case for further development of the record based upon Plaintiff's bare claim that the record was under-developed.

Furthermore, based upon the analysis outlined above, the ALJ fully evaluated Plaintiff's subjective complaints related to his gout and rheumatoid arthritis. Plaintiff has supplied no basis for reversal on this issue, and the Court likewise finds no basis for reversal. Thus, the Court denies Plaintiff's request to remand this action.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record. As such, this case is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE